# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

BANK OF THE OZARKS,

                    Case No.: 1:18-cv-11870-TLL-PTM

      Plaintiff,                Hon. Thomas L. Ludington
                                  Magistrate Judge Patricia T. Morris

v.

PERFECT HEALTH SKIN
AND BODY CENTER PLLC, and
THEODORE BASH, an individual,

      Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART

On June 12, 2018, Plaintiff Bank of the Ozarks (Bank OZK) filed a complaint against Defendants Perfect Health Skin and Body Center, PLLC (Perfect Health), and one of its alleged members, Dr. Theodore Bash. ECF No. 1. The complaint alleges that Perfect Health is in default of its obligations under an Equipment Financing Agreement between Bank of the Ozarks and Perfect Health, and that $139,822.38 remains due and owing under the Equipment Financing Agreement. The complaint asserts six counts for relief, including a breach of Dr. Bash's guaranty of Perfect Health's obligation under the Equipment Financing Agreement (Count I); breach of the Equipment Financing Agreement by Perfect Health (Count II); breaches of contracts implied in law, implied in fact, and promissory estoppel against both Defendants (Counts III, IV, and V); and one count for claim and delivery of collateral subject to the Bank OZK's security interest (Count VI).

On June 20, 2018, Bank OZK filed an ex parte motion for possession pending final judgment. ECF No. 6. The motion asserted that Bank OZK has a security interest in, among other things, certain equipment: 5 QANS Assessment Systems (5-QANS), and an "Aspen Laser System" (Laser). The Equipment Financing Agreement was attached to the motion, as well as the UCC financing statement, reflecting Bank OZK's security interest in the equipment. ECF No. 6-2, 6-3. The motion asserted that the collateral is in imminent danger and sought possession of the collateral pending final judgment. The motion also requested an ex parte restraining order pending a hearing on the motion for possession pending final judgment. On June 21, 2018, the Court entered an order denying Bank OZK's request for an ex parte restraining order, and scheduling the motion for possession pending judgment for hearing. ECF No. 7. The Court explained that Bank OZK did not make the requisite showing required by MCR 3.105 (E)(1)(b) for an ex parte restraining order. A hearing on the motion for possession pending judgment was held on July 11, 2018. The motion was granted. ECF No. 20.

Defense counsel filed a motion to withdraw, which was granted. Attorney James Meyer was substituted as counsel for Dr. Bash. Attorney Veronica Turner later filed an appearance on behalf of Dr. Bash as well. Defendant Perfect Health was directed to secure new counsel but has not done so. On November 19, 2018, Plaintiff moved for partial summary judgment against Defendant Bash on Count I (Breach of Guaranty) and Count III (Breach of Contract), which was granted. Plaintiff's amended complaint also contains the following counts, which appear on a cursory review to have been pled, at least in significant part, in the alternative to Counts I and III: Count IV (Breach of Contract Implied in Law); Count IV[1] (Breach of Contract Implied in Fact); and Count V (Promissory Estoppel). The amended complaint also contains pending counts for

---

[1] The complaint has two counts labeled "Count IV."

Fraud (Count VI); Conversion (Counts VII, VIII); RICO violation (Count IX); and Claim & Delivery (against Perfect Health only) (Count X). Plaintiff has not sought summary judgment or voluntary dismissal of those counts.

On December 12, 2018, the Court granted the parties' stipulation to extend dates by 90 days, setting a new discovery deadline of March 19, 2019, and a dispositive motion deadline of April 22, 2019. ECF No. 44. On February 27, 2019, Plaintiff sought entry of default against Defendant Perfect Health, which was granted. Plaintiff has not yet sought a default judgment.

On April 22, 2019, Defendant Theodore Bash filed a motion for summary judgment. ECF No. 57. The motion addresses the pending counts for breach of implied contract and promissory estoppel, repeating for the most part the same arguments already addressed in the order granting summary judgment on the express contract. The motion also addresses the pending counts for fraud, conversion, and violation of RICO. Plaintiff responded on May 13, 2019.

## I.

The following facts were set forth in the Court's previous order granting summary judgment in part. ECF No. 46. The facts are derived from the exhibits attached by the parties to their briefing on the previous motion for summary judgment. ECF Nos. 39, 43. Perfect Health Skin and Body PLLC (Perfect Health) did business as O Bella Aesthetics, a medical spa in Okemos, MI. *See* Pl. M. Summ. J. Ex. 1, Corp. Res., ECF No. 39-1, PageID.331. According to corporate formation documents dated November 30, 2012, Richard MacAuley was the registered agent and sole member of Perfect Health Skin and Body Center PLLC. *See* Def. Resp. Ex. B, Corp. Filings, ECF No. 43-3, PageID.504. He was also listed as the owner of Perfect Health. *Id.* Subsequent filings listed MacAuley as the registered agent, but did not list members of the LLC. *Id.*

A resolution dated June 17, 2015 provides that:

> Perfect Health Skin and Body Center, PLLC is owned 100% by Ted Bash. Richard MacAuley has no ownership interest in the company. Richard MacAuley shall be removed from company bank account(s) effective as of June 1, 2015. Richard MacAuley shall remain as clinic medical director until further notice.

Pl. M. Summ. J. Ex. 1, Corp. Res., ECF No. 39-1 at PageID.331.

Dr. Bash denies any knowledge of this corporate resolution, denies signing the resolution, and denies that he has ever been a member, owner, managing partner, managing director, employee, agent, or representative of Perfect Health. Def. Resp. Ex. A, Bash Aff. ¶ 6, ECF No. 43-2, PageID.493. No documents have been produced identifying Dr. Bash as an agent or member of Perfect Health.

In July of 2016, an equipment financing agreement was entered into between Bank OZK and Perfect Health. Pl. M. Summ. J. Ex. 2, Equip. Finance Agt., ECF No. 39-1, PageID.333. Dr. Bash's name is signed thereto. *Id.* PageID.337. He claims that this signature was forged by someone with no authority to act on behalf of Perfect Health. Def. Answer ¶ 63, ECF No. 24, PageID.241.

Pursuant to the Equipment Finance Agreement, Perfect Health was obligated to repay the loan to Bank OZK in 63 monthly installments of $2,922.47 plus three additional payments of $99. Pl. M. Summ. J. Ex. 2, Equip. Finance Agt., ECF No. 39-1, PageID.333. Bank OZK was granted a security interest in the equipment and assets of Perfect Health. *Id.* PageID.334. In the event of default, Bank OZK was entitled to accelerate the amounts due. *Id.* PageID.335.

Bank OZK has also produced a Guaranty which bears the signature of Dr. Bash and which guarantees payment of Perfect Health's obligations under the Equipment Financing Agreement. *Id.* PageID.339. Dr. Bash contends that his signature on the guaranty was forged as well. Answer ¶ 15, ECF No. 24, PageID.234. Bank OZK also produced a Certificate of

Acceptance, which Dr. Bash allegedly signed on July 12, 2016 reflecting that Perfect Health had received delivery of the equipment subject to the financing agreement and inspected it. ECF No. 39-1, PageID.341. Dr. Bash contends that this signature is a forgery as well. Bash Aff. ¶ 15, ECF No. 43-2, PageID.495.

Perfect Health made 15 monthly payments to Bank OZK between July 2016 and October 2017. Martindale Decl. ¶ 5, ECF No. 39-1, PageID.324. Beginning in July 2017, two alleged representatives of Perfect Health identified as Andy Park and Pam Lynch contacted Bank OZK and requested to enter into a deferral agreement due to a slowdown in business. *Id.* ¶ 8, PageID.326. On November 22, 2017, Bank OZK, Perfect Health, and Dr. Bash entered into a Deferral Agreement, whereby certain payments due under the Equipment Financing Agreement were deferred until the end of the loan term. Mot. Ex. 6, ECF No. 39-1, PageID.354. Dr. Bash's signature appears on the document on behalf of debtor Perfect Health and on behalf of himself in his capacity as guarantor. *Id.* Dr. Bash does not dispute that he signed the deferral agreement, nor does he contend his signature was a forgery. Answer ¶ 24, ECF No. 24, PageID.235. He does assert, however, that he initially "signed only as to Guarantor." Bash Aff. ¶ 22, ECF No. 43-2, PageID.496. After Bank OZK rejected the Deferral Agreement due to lack of Perfect Health's signature, Dr. Bash then signed it on behalf of the debtor, Perfect Health, but left the "title" field blank as he contends he has no relationship with Perfect Health. *Id.* ¶ 24.

## II.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look

in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). "The party opposing summary judgment cannot rest on its pleading or allegations, to prevail, they must present material evidence in support of their allegations." *Leonard v. Robinson*, 477 F.3d 347 (6th Cir. 2007) (citing *Celotex Corp v. Catrett*, 477 U.S. 317 (1986)). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

### III.

### A.

Defendant's continued interest in litigating Count I (Breach of Guarantee) is puzzling. Suffice it to say that the Court will not now enter summary judgment in favor of Defendant on Count I considering the Court found merit for entering summary judgment against Defendant on Count I and denied his motion for reconsideration.

Plaintiff's continued pursuit of Counts IV-V (contract implied in law, contract implied in fact, and promissory estoppel) is equally puzzling. A cursory review of the amended complaint reveals that those counts were plead in the alternative, to protect against the possibility that Plaintiff's claims on the underlying express contracts might fail. Indeed, Counts IV-V cover the same subject matter and allege the same actionable conduct as the claims alleging breach of the express contracts. Those claims did not fail. To the contrary, summary judgment has been entered in Plaintiff's favor on the underlying express contracts. The Court underscored this fact

in the order denying Defendant's request for an extension of time to file a response to the motion for summary judgment (ECF No. 58). In response, Plaintiff states that Counts IV-V are theories which it "pled in the alternative and on which it has the right to proceed upon should the circumstances of this case after appeal[2] warrant it." Resp. at 22.

Indeed, Rule 8(d)'s liberal policy favors allowing Plaintiff to *plead* alternative theories. *See Chem Gro of Houghton, Inc. v. Lewis Cnty Rural Elec. Coop. Ass'n*, 2012 WL 1025001, *3 (E.D. Mo. Mar. 26, 2012). However, having pled alternative theories and obtained summary judgment on the one, Plaintiff cannot pursue judgment on the other. *See Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478, 666 N.W.2d 271 (2003) (noting that "a contract will be implied *only if there is no express contract covering the same subject matter*" and rejecting Plaintiff's equitable claims) (emphasis added). Here, there is an express contract governing the same subject matter as Plaintiff's equitable claims. The actionable conduct is the same (namely the receipt of benefits under the equipment loan, the promise to pay on the loan, and the failure to fulfill that promise). Plaintiff's damage remedy is also the same. Expectation damages under the loan would be identical to reliance damages incurred as a result of paying out the loan. In either case, the amount of damages is the amount due and owing on the loan.[3] Accordingly, Counts IV-V will be dismissed.

**B.**

Defendant also seeks summary judgment on Counts VI-IX (fraud, statutory conversion, common law conversion, RICO). The parties' briefing on these four claims is terse and

---

[2] Of course, no final judgment has been entered in this matter. Thus, absent a successful request for an interlocutory appeal, there has been and will be no appeal on Count I until the remaining counts are resolved or withdrawn (and Plaintiff's window of time to withdraw them without leave of court under Rule 41 has long past). *See* Fed. R. App. P. 3(a); Fed. R. App. P. 5; 28 U.S.C. §§ 1291, 1292; Fed. R. Civ. P. 41(a)(1).

[3] Plus any applicable interest, costs, and fees.

unsupported by citations to the factual record. Plaintiff has also indicated an intention to file a motion to withdraw these counts without prejudice and only intends to rely on them in the event of an appeal and reversal on of the breach of contract claims. Because the only motion presently before the Court is Plaintiff's motion for summary judgment, the analysis will be confined to that motion.

Defendant argues that summary judgment on Count VI (fraud) is warranted because 1) "Plaintiff admits that Plaintiff never communicated with Dr. Bash until more than a year after entering into an agreement with Perfect Health on July, 2016, and 2) "it is undisputed that Dr. Bash never knew of Plaintiff's existence until the first communication from Plaintiff on September 16, 2017." Mot. at 15. Defendant cites no evidence in support of these assertions. Defendant, as the moving party, bears the initial burden to demonstrate that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Pursuant to rule 56(c), "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) *citing to particular parts of the material record, including depositions, documents . . .*," etc. (emphasis added).

Defendant argues that summary judgment is appropriate on the conversion claims (counts VII and VIII) because "Plaintiff has no evidence that Dr. Bash ever received the financed equipment or kept the financed equipment." Mot. at 15. Again, Defendant's subjective characterization of what the evidence does or does not show is not a substitute for the threshold showing required by rule 56(c).

Defendant argues that summary judgment is appropriate on the RICO claim (Count IX) because the amended complaint "makes broad, sweeping allegations about both of the defendants" but "fails to identify any specific acts as they relate solely to Dr. Bash." The proper

vehicle for challenging the sufficiency of allegations in the complaint is a motion under rule 12(b)(6) or rule 12(c), not rule 56.

Defendant also argues that 1) "it is undisputed that Dr. Bash had no interest in or control over Perfect Health," 2) "it is undisputed that Dr. Bash was not a member, owner, managing partner . . . of Perfect Health," 3) "it is undisputed that Dr. Bash was unaware of Plaintiff's existence . . ." 4) "it is undisputed that from Plaintiff's first communication with Dr. Bash on September 16, 2017 and subsequent communications, Dr. Bash informed Plaintiff that Andy Park was a convicted felon, advised that the FBI was involved and even warned Plaintiff that it should have no further dealings with Andy Park." Mot. at 17-18. Again, bald assertions that facts are undisputed does not satisfy Defendant's burden under rule 56. The lone citation to the factual record comes at the end of the above-quoted paragraph. It is a general citation to "Ex. H, Plaintiff's electronic notes." The document contains electronic notes in which Plaintiff's collection agent documented communications with Defendant regarding the contract. In the communications, Defendant mentions an FBI investigation involving Andy Park. Defendant does not identify the relevant language from those communications, nor does he attempt to explain how those communications undercut Plaintiff's RICO claim.

The motion will be denied as to counts VI-IX.

**IV.**

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment (ECF No. 57) is **GRANTED** in part and **DENIED** in part, and that Counts IV-V of the amended complaint (ECF No. 22) are **DISMISSED**.


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 24, 2019