UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


BANK OF THE OZARKS,

    Plaintiff,

v.

PERFECT HEALTH SKIN
AND BODY CENTER PLLC, and
THEODORE BASH, an individual,

    Defendants.
_____/

Case No.: 1:18-cv-11870-TLL-PTM

Hon. Thomas L. Ludington
Magistrate Judge Patricia T. Morris

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Bash's motion for summary judgment as to Counts VI–IX. ECF No. 57. On May 24, 2019, the Court entered an order granting the motion in part. ECF No. 60. A full factual and procedural history can be found in that order. On May 27, 2019, Defendant filed a motion for reconsideration, noting that the Court denied his motion before he filed his reply. The Court granted the motion for reconsideration, and an extension to file a reply. He has now filed a reply. ECF No. 66. The Court will deny the motion for the same reasons explained in the order dated May 24 (ECF No. 60), because Defendant did not meet his Rule 56(c) burden.

**I.**

In his reply brief, Defendant raises many objections to the evidence Plaintiff submitted in support of its response including, among other things, Exhibit A identified in the Declaration of Patricia Martindale which Defendant contends consists of unauthenticated documents and

hearsay. In short, Defendant's objections to the admissibility of Plaintiff's evidence has no impact on the analysis. The Court's decision to deny summary judgment as to Counts VI-IX was not based on the evidence Plaintiff offered in its response brief. Indeed, in the two-page analysis of Counts VI-IX, the Court did not reference any evidence offered by the Plaintiff. Rather, the disposition of Counts VI-IX was based solely on Defendant's failure to meet his initial burden under Rule 56(c).

Defendant repeatedly underscores the fact that Plaintiff bears the burden under rule 56 to identify material evidence in support of its claims. However, Plaintiff's burden to support its opposition to Defendant's motion for summary judgment is not triggered unless and until Defendant (as the moving party) meets its *initial burden* to "*cit[e] to particular parts of the material record, including depositions, documents . . .*," etc. (emphasis added). *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendant's obligations under rule 56(c) must have some teeth; a defendant cannot trigger a plaintiff's burden of proof by simply uttering the words "summary judgment," and citing to rule 56.

Defendant also disputes the Court's finding that he failed to meet his burden under Rule 56(c). He contends that he did indeed attach admissible evidence in support of his motion and filed a courtesy copy containing the exhibits. Attaching exhibits to the motion, however, is not the same thing as "*citing* to particular parts of the material record." *See* Fed. R. Civ. P. 56(c) (emphasis added). It is not the Court's duty to scour the exhibits to find support for Defendant's factual assertions. Although Defendant provided some citations in the section labelled "undisputed facts," those citations did not make their way into the analysis section. It is not the Court's duty to determine the legal significance of the facts presented by Defendant, nor is it the

Court's duty to determine which facts from the asserted "undisputed facts" section of the brief map onto which arguments in the analysis section of the brief.[1] It is Defendant's obligation to bridge the gap between the two, and to cite the relevant attachments. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Defendant cannot cure these defects in a reply brief. A reply brief is not a substitute for a properly supported motion. The initial motion must properly put the opposing party and the Court on notice of 1) what facts the moving party is relying on, 2) the legal significance of those facts, and 3) where those facts can be found in the evidentiary record. *See Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003) (explaining that new arguments in a reply brief vitiate a nonmovant's ability to respond); *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) ("Since defendant was deprived of an opportunity to address the issue by plaintiff's failure to raise this issue in his original brief, we will consider the issue waived."); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("We generally will not hear issues raised for the first time in a reply brief.").

## II.

---

[1] To be fair, Plaintiff did the same thing in its response brief. Plaintiff's analysis section was short on specific factual citations, and long on broad sweeping generalizations. Both parties assumed the Court has comprehensive knowledge of the "undisputed facts" in the case. Unfortunately for Defendant, when both parties hastily file their briefs without appropriate factual citations, the moving party will generally be the one who suffers for it because they are the one asking the Court for relief.

Accordingly, for the reasons explained above and in ECF No. 60, it is **ORDERED** that Defendant's motion for summary judgment (ECF No. 57) is **GRANTED** in part and **DENIED** in part, and that Counts IV-V of the amended complaint (ECF No. 22) are **DISMISSED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 18, 2019