UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BANK OZK, f/k/a BANK OF THE
OZARKS,

     Plaintiff,

               Case Number: 18-11870

v.

               Honorable Thomas L. Ludington

PERFECT HEALTH SKIN AND
BODY CENTER PLLC, and
THEODORE BASH, an individual,
Jointly and severally,

     Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE JUDGMENT

On June 12, 2018, Plaintiff Bank of the Ozarks (Bank OZK) filed a complaint against Defendants Perfect Health Skin and Body Center, PLLC (Perfect Health), and one of its alleged members, Dr. Theodore Bash. ECF No. 1. The amended complaint alleges that Perfect Health is in default of its obligations under an Equipment Financing Agreement between Bank of the Ozarks and Perfect Health, and that as of July 6, 2018 $139,822.38 remains due and owing under the Equipment Financing Agreement. ECF No. 22 at PageID.187. Its alleges multiple counts of misconduct, including a breach of Dr. Bash's guaranty of Perfect Health's obligation under the Equipment Financing Agreement (Count I); breach of the Equipment Financing Agreement by Perfect Health (Count II); breach of deferral agreement against both Defendants (Count III); breach of contracts implied in law, implied in fact, and promissory estoppel against both Defendants (Counts IV, IV,[1] and V); fraud/misrepresentation (Count VI), statutory conversion (Count VII),

---

[1] Plaintiff's amended complaint identifies two separate allegations, breach of contract implied in law and breach of contract implied in fact. However, both allegations are identified as "Count IV." ECF No. 22 at PageID.192-193.

common law conversion (Count VIII), a RICO violation (Count IX), and one count for claim and delivery of collateral subject to the Bank OZK's security interest (Count X). ECF No. 22 at PageID.188-207.

## I.

Multiple dispositive motions were filed in this case, but two are relevant to Plaintiff's current motion. On November 19, 2018, Plaintiff filed a motion for partial summary judgment against Defendant Bash. ECF No. 39. On January 24, 2019, Plaintiff's motion was granted. ECF No. 46. On June 6, 2019, Plaintiff filed a motion for attorney fees. ECF No. 65. On July 26, 2019, Plaintiff's motion for attorney fees was granted in part. ECF No. 79. Plaintiff filed a motion for judgment on August 2, 2019. ECF No. 80. On August 12, 2019, Plaintiff's motion for judgment on the remaining Count X was granted and a final judgment was entered in the case. ECF Nos. 82, 83.

On August 15, 2019, Plaintiff filed a motion to amend/correct the judgment explaining "this Court should correct the judgment . . . to include the costs of collection award" and "to include pre- and post-judgment interest as allowed by law." ECF No. 84 at PageID.1408 (emphasis omitted). Defendant filed a response on September 5, 2019 at the Court's direction. ECF No. 87. Plaintiff's reply was received on September 11, 2019. ECF No. 90.

## II.

Federal Rule of Civil Procedure 60(a) provides,

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

"The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Clerical mistakes that can be corrected in a 60(a) motion "consist of blunders in execution," but "instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination" are not permitted. *In re Walter*, 282 F.3d at 440 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). "A court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987).

In *Braun v. Ultimate Jetcharters, LLC*, the 6th Circuit found that a misnomer of a defendant's name of "Ultimate Jetcharters, Inc." instead of "Ultimate Jetcharters, LLC" throughout a case could be corrected under a 60(a) motion when the defendant referred to itself as "Ultimate Jetcharters, Inc." in its own motion for summary judgment, the correct parties were involved throughout the case, and defendant brought the motion after trial in an attempt to "hid[e] behind a change in corporate structure when it c[a]me[] time to collect on the judgment." *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515–18 (6th Cir. 2016).

Alternatively, if a party files a 60(b) motion,

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Motions under 60(b) must be made within a reasonable time and for motions under (1)–(3), they must be made within one year of the date of judgment. Fed. R. Civ. P. 60(c). The Sixth Circuit has held that a district court cannot *sua sponte* amend a judgment under FRCP 60(b)—one of the parties must file a motion. *U.S. v. Pauley*, 321 F.3d 578, 581 (6th Cir. 2003) ("We have held that a district court may not *sua sponte* grant relief pursuant to Rule 60(b). In *Eaton v. Jamrog*, we reasoned that because Rule 60(b) explicitly requires relief under the rule to occur 'on motion,' courts may not grant such relief except upon a 'motion from the affected party.'" (quoting *Eaton v. Jamrog*, 984 F.2d 760, 762 (6th Cir. 1993)) (citation omitted)).

### III.

Plaintiff's motion to correct the judgment can be divided into two parts—1) the omission of attorneys fees in the judgment and 2) the request to separate pre-and post-judgment interest. ECF No. 84.

### A.

The first subject of the motion, attorneys fees, can be addressed under 60(a). Plaintiff brings its 60(a) motion to amend the judgment and address the clerical error that resulted in its attorney fees being omitted from the final judgment. Defendant concurs in the relief sought. ECF No. 87 at PageID.1451 ("The Court did not include in its Judgment the award of attorneys' fees and costs of collection.").

On July 26, 2019, this Court granted Plaintiff's motion for attorney fees in part and ordered that "[a]ttorney fees will be entered in favor of Plaintiff and against Defendants in an amount of

$94,805, plus $1,798.29 in costs." ECF No. 79 at PageID.1347. On August 2, 2019, Plaintiff filed a motion for entry of judgment. ECF No. 80. It included a proposed judgment that sought attorney fees. ECF No. 80. On August 12, 2019, this Court entered judgment in the case but did not include any language regarding attorney fees. This was a clerical mistake. The judgment should have included the award of attorney fees and costs based on the July 26, 2019 order. The judgment will be amended to include the July 26, 2019 award of attorney fees.

Next, Plaintiff argues it is eligible for pre-judgment interest and post-judgment interest on the attorney fees. It seeks pre-judgment interest at 13% compounded per annum from June 18, 2018 until July 26, 2019 (the date of the order on attorney fees) for a total of $14,308.03 in pre-judgment interest. ECF No. 90 at PageID.1473. However, Plaintiff did not seek pre-judgment interest on attorney fees in its motion for attorney fees nor do the provisions it cites from its loan agreement with Defendants mention pre-judgment interest. Accordingly, Plaintiff was not awarded pre-judgment attorney fees in this Court's previous order granting attorney fees. It was not a clerical mistake to not include pre-judgment interest on attorney fees in the judgment. Plaintiff's motion to amend judgment as to pre-judgment interest on attorney fees will be denied.

Third, Plaintiff seeks post-judgment interest on attorney fees, in accordance with federal law. Plaintiff does not provide authority for its request for post-judgment interest on attorney fees, other than citing 28 U.S.C. § 1961(a) which outlines when post-judgment interest begins. However, the Sixth Circuit has held that attorney fees are eligible for post-judgment interest, as defined in 28 U.S.C. § 1961(a). *Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 484–85 ("Because a dollar today is worth more than a dollar in the future, the only way a party can be made whole is to grant interest from the time of the award of fees. Any other rule would effectively reduce the judgment for attorneys' fees." (internal quotations omitted)).

Therefore, even though this Court did not expressly state that Plaintiff is entitled to post-judgment interest on attorney fees in its order granting attorney fees, Plaintiff is eligible for post-judgment interest on attorney fees. Therefore, the revised judgment will clarify that Plaintiff is eligible for post-judgment interest on attorney fees.

**B.**

The second half of Plaintiff's motion seeks to correct the award of pre- and post-judgment interest on the underlying loan. ECF No. 84. On January 24, 2019 Plaintiff was awarded partial summary judgment as to Count I of Plaintiff's complaint, breach of guaranty against Defendant Bash. ECF No. 46. The principal balance on the loan and interest that had accrued through June 18, 2018 was $139,822.38. *Id.* at PageID.548. In accordance with the loan agreement, Plaintiff is entitled to prejudgment interest of $22.94 per day. *Id.* In Plaintiff's motion for judgment, it sought "$245,891.29, representing principal and interest accrued through August 2, 2019 [the date Plaintiff's motion was filed]. Plaintiff is further entitled to pre- and post-judgment interest as allowed by law." ECF No. 80-4 at PageID.1395. Plaintiff did not explain what date should be used to distinguish pre-judgment interest from post-judgment interest, nor did Plaintiff identify what rate of interest should apply. Accordingly, this Court awarded Plaintiff "$147,920.21 in principal and continuing interest of $22.94 per diem from June 6, 2019 until the judgment is satisfied." ECF No. 83. $147,920.21 is the sum of the loan and interest balance as of June 18, 2018 ($139,822.38) plus $22.94 per day in pre-judgment interest through June 6, 2019. However, this Court did not distinguish pre-judgment interest and post-judgment interest in its judgment.

Plaintiff contends that its requested change to the interest can be addressed by a 60(a) motion. ECF No. 84 at PageID.1414. Plaintiff cites to a similar case where the Sixth Circuit held that a court's original judgment

> explicitly included an award of statutory interest as 'allowable under Michigan law [and] Michigan law mandates the award of prejudgment interest under circumstances like those present in this case where a party has been awarded a money judgment. Thus, plaintiffs' motion to set the amount of interest did not seek to alter or amend the judgment, but simply asked the court to insert the omitted particulars of the prejudgment interest award. The method of calculating that interest was not disputed by the parties. Because Rule 60(a) contemplates the performance of such ministerial tasks in the course of supplying information omitted from judgments, we conclude that the district court properly looked to Rule 60(a) to supply the missing amount and, therefore, affirm the award of interest. *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998).

Plaintiff also cites an opinion by Judge Edwards and argues the case stands for the proposition that "Rule 60(a) was appropriate vehicle to amend judgment to clarify award of pre- and post-judgment interest." ECF No. 84 at PageID.1414. However, that is only half of the opinion. Judge Edwards found that "computation of prejudgment interest is a mathematical computation and a purely ministerial duty, so no finding of fact is needed and no discretion is permitted." *Touch-N-Buy, Ltd. P'ship v. GiroCheck Fin., Inc.*, 2018 WL 2093949 at *3 (E.D. Mich. May 7, 2018). Accordingly, she amended the prejudgment interest award on a 60(a) motion. She also amended the amount of post-judgment interest and the date of the award of judgment. However, the post-judgment interest amendment was in response to a 60(b) motion, not a 60(a) motion. *Id.* at *3–*4.

In this case, the judgment awarded pre- and post-judgment interest to Plaintiff, but it incorrectly awarded the same amount of interest for each. In *Pogor*, the Sixth Circuit upheld a DC Judge who set an amount of interest following a 60(a) motion. Judge Edwards also amended a prejudgment interest award on a 60(a) motion. There appears to be precedent for amending a prejudgment interest award under 60(a). However, there is no similar precedent for a post-judgment award. Sixth Circuit precedent does not permit amending the award of pre- and post-judgment interest in response to a 60(a) motion. Because FRCP 60(a) relief is restricted to

ministerial tasks, Plaintiff should have brought its motion under FRCP 60(b), which explicitly provides the Court authority to correct mistakes in the judgment.

Defendants indicated in their response that an appeal to the Sixth Circuit is imminent. ECF No. 87 at PageID.1456. In fact, Defendants have already filed a notice of appeal. ECF No. 88. The issue has been fully briefed by both parties. Also, Defendants do not contest the 60(a) motion and they do not argue the relief Plaintiff is seeking is unavailable under 60(a). Therefore, Plaintiff's 60(a) motion will be construed as a 60(b) motion to amend the mistake in judgment.

In its motion, Plaintiff argues for pre-judgment interest through "the date of the entry of this Judgment" and post-judgment interest on the loan principal balance from entry of the amended judgment until the judgment is satisfied. ECF No. 84 at PageID.1419-1420. Defendants respond that while Plaintiff correctly argues pre- and post-judgment interest must be determined, Plaintiff used the incorrect date of judgment. Defendants, relying on Sixth Circuit case law, explain the date of judgment should be January 24, 2019, the date this Court granted partial summary judgment against Defendant Bash on the amount owed on the loan. ECF No. 87 at PageID.1454-1555. Defendants contend that "[i]t is Plaintiff's burden and not this Court's burden to clearly and concisely set forth damages. It is respectively suggested that Plaintiff be ordered to provide a full and complete statement for damages upon which this Court can rely in correcting and/or amending its Judgment." Defendants even provide a template for Plaintiff to use when explaining its request for amended interest. Defendants conclude their response by stating "[t]he time has come to hold Plaintiff and its counsels' feet to the fire in definitely setting forth the damages as an appeal to the Sixth Circuit is imminent. To do less is unfair to the Court and prejudicial to Defendant Dr. Bash, a victim of a crime who has been further victimized by Plaintiff and ridiculed by the Court." ECF No. 87 at PageID.1456. In its reply, Plaintiff concedes it "is willing to agree to entry of a corrected

judgment on [the terms articulated by Defendants regarding the dates of entry of judgment], and submits herewith the following calculations of those amounts, as also requested by Bash." ECF No. 90 at PageID.1472. Plaintiff seeks $144,869.18 in principal and pre-judgment interest on the loan ($139,822.38 for the loan principal through June 18, 2018 and $22.94 per day from June 19, 2018 through January 24, 2019 for a total of pre-judgment interest of $5,046.80). Plaintiff provided a proposed amended judgment, which states that Plaintiff is entitled to

> $144,869.18 for principal due on the Loan, which amount includes pre-judgment interest accrued through January 24, 2019 (the Financing Debt Judgment). Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. §1961(a) on the Financing Debt Judgment ($144,869.18) beginning on January 25, 2019 at a rate of 2.58% per annum, compound. ECF No. 90-3 at PageID.1481-1482.

**i.**

The Sixth Circuit has held that "in diversity cases, in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest." *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (quoting *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000)). Federal statute 28 U.S.C. § 1961 (a) provides how post-judgment interest should be calculated.

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. 28 U.S.C. § 1961(a).

The Sixth Circuit has also provided guidance on the definition of "the date of entry of the judgment." The Sixth Circuit has explained that the FRCP 54 (a) defines judgment to "include[] a decree and any order f[ro]m which an appeal lies," but

> this language does not require the conclusion that any order that is not a final, appealable judgment is not a 'judgment.' Rather, the use of 'includes' and the selective use of the adjective 'final' suggests that there can be 'judgments' that are

not 'final, appealable judgments.' This conclusion is consistent with common usage. For example, when a court grants summary judgment to a defendant on some claims but holds a trial on others, its entry of judgment after trial does not typically refer to the earlier claims—there has already been a 'judgment' on them.

. . .

[Therefore,] [w]e believe that the better rule is for plaintiffs to be entitled to post-judgment interest from the date of entry of the initial, partial judgment on the [Plaintiff's] claims, even though that judgment was not yet appealable.

*Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 428 (6th Cir. 1999).

### ii.

Applying this analysis to the case at hand, the judgment must be corrected to reflect pre-judgment interest up until the date of the initial judgment and then post-judgment interest thereafter. Plaintiff is entitled to pre-judgment interest through the date of the initial date of entry of judgment, in this case, January 24, 2019, the date this Court granted partial summary judgment on Count 1 for Plaintiff against Defendant Bash regarding the outstanding balance of the loan. Second, Plaintiff is entitled to post-judgment interest, as set by federal law, from January 25, 2019 until the judgment has been satisfied.

### III.

Accordingly, it is **ORDERED** that Plaintiff's motion to correct judgment, ECF No. 84, is **GRANTED IN PART AND DENIED IN PART**. An amended judgment will be entered.

Dated: January 24, 2020                                                     s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge